An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOEL ROSS SEMPIER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61547

FILED

JUN 1 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of sexual assault. Second Judicial District Court, Washoe County; Scott N. Freeman, Judge.

Appellant argues that insufficient evidence was adduced at trial to sustain his conviction. He specifically claims that the only evidence suggesting that the intercourse was not consensual was the victim's statements to her husband after the fact and that the weight of the evidence suggested it was consensual.

The jury heard testimony from the victim that, after a night of drinking, she woke up to someone having sex with her and that once she realized it was not her husband but appellant, she was scared and furious. A victim's uncorroborated testimony alone, if believed by the jury beyond a reasonable doubt, is sufficient to uphold a conviction of sexual assault. *See Hutchins v. State*, 110 Nev. 103, 109, 867 P.2d 1136, 1140 (1994), *modified on other grounds by Mendoza v. State*, 122 Nev. 267, 275-76, 130 P.3d 176, 181 (2006). Nevertheless, the jury also heard corroborating evidence from the victim's husband as to her response and actions after discovering that appellant had penetrated her as well as to the events of

SUPREME COURT
OF
NEVADA

(O) 1947A

13-17499

the evening prior to the incident. We conclude that the evidence supporting this conviction, when viewed in the light most favorable to the prosecution, is sufficient to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See* NRS 200.366(1); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992).

Appellant also claims that his verdicts of guilty as to the sexual assault charge and not guilty as to the burglary charge are inconsistent and are not rationally reconcilable, and therefore they cannot stand. We have held that inconsistent verdicts are permitted when supported by sufficient evidence. *See Greene v. State*, 113 Nev. 157, 173-74, 931 P.2d 54, 64 (1997), *receded from on other grounds by Byford v. State*, 116 Nev. 215, 235, 994 P.2d 700, 713 (2000). As we have resolved appellant's sufficiency challenge against him, we conclude his claim of inconsistent verdicts is without merit. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:   Hon. Scott N. Freeman, District Judge
Scott W. Edwards
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A